17 F.3d 1435
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael KUSIC, Defendant-Appellant.
 No. 93-5297.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1994.
Decided March 2, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge.
 Jacob M. Robinson, Wheeling, W.Va., for appellant.
 William D. Wilmoth, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, W.Va, for appellee.
 N.D.W.Va.
 AFFIRMED IN PART, AND VACATED AND REMANDED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Kusic was convicted by a jury of distributing oxycodone (Percocet) on October 28, 1991 (Count One), of distributing cocaine on January 18, 1992 (Count Two), and of distributing cocaine again on March 1, 1992 (Count Three), all in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1993). He appeals his conviction and sentence. We affirm his conviction, but vacate his sentence and remand for resentencing.
 
 
 2
 The government's chief witness at trial was Tom Alvis. Alvis had been a confidential informant in an investigation of the Barbarian Motorcycle Club; he and Kusic were both members. Alvis testified that he had instigated each distribution by asking Kusic to supply him with the drugs. In each instance, according to Alvis, Kusic readily agreed to supply the drugs Alvis requested. Alvis' request to buy the Percocets and the first amount of cocaine were recorded. His payment to Kusic was recorded for all three transactions. When Alvis paid Kusic for the cocaine he bought in January 1992, Kusic explained to Alvis how to package the cocaine for sale; this conversation was recorded. Although the joint appendix does not include transcripts of the recorded conversations, it does not appear from the trial record that they contained any expressions of reluctance on Kusic's part.
 
 
 3
 Kusic admitted at trial that he sold cocaine twice in 1992 to Alvis. He said he got the cocaine from a dancer named Sundown who passed through town occasionally, and worked at a local bar when she was in town. He said it was possible that he had sold Alvis Percocet in October 1991 from his own prescription for a work-related injury. However, he asserted that he had been entrapped by the government through Alvis. He claimed that Alvis had been "very insistent," requesting drugs frequently over a period of four or five months, and that he had refused Alvis many times before making the sales. Kusic's principal line of defense was a vigorous effort by his attorney to destroy Alvis' credibility.
 
 
 4
 During cross-examination of Alvis, defense counsel tried to inquire about Alvis' arrest for public intoxication in violation of the conditions of his bond while Alvis was awaiting sentencing on state drug and firearm charges in 1989. The defense attorney maintained that Alvis' conduct demonstrated untrustworthiness. The district court allowed evidence that Alvis' bond was revoked, but did not allow the jury to hear about the circumstances of the arrest. Defense counsel did not object to this procedure at the time. On appeal, however, Kusic contends that the court improperly limited cross-examination. He contends that inquiry into the circumstances of the arrest should have been permitted because Alvis' "blatant dishonesty is evident in both his arrest and his actions which led to the arrest."
 
 
 5
 Because Kusic made no objection in the district court, the plain error standard of review applies. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). It is well-established that, while the fact of certain prior convictions may be used to attack the credibility of a witness, inquiry on cross-examination into related matters such as the details of the offense is improper. United States v. Castro, 788 F.2d 1240, 1246 (7th Cir.1986); United States v. Samuel, 431 F.2d 610, 613 (4th Cir.1970). Therefore, no plain error occurred.
 
 
 6
 Alvis was also asked whether he had committed various other bad acts in violation of his supervised release. Some of these acts Alvis admitted; others he denied. In a bench conference, the district court informed Kusic's attorney that he would not be able to prove through extrinsic evidence any conduct which Alvis denied.
 
 
 7
 However, defense counsel later sought to introduce certain witnesses to testify about Alvis' alleged bad conduct, arguing that Alvis' failure to reveal it to authorities demonstrated his untruthful character. The district court excluded evidence of the acts Alvis denied as extrinsic evidence under Fed.R.Evid. 608(b). In his brief on appeal, Kusic appears to concede that this ruling was correct. We find that it was. See United States v. Bynum, 3 F.3d 769, 772 (4th Cir.), petition for cert. filed, No. 93-7295 (Dec.1993).
 
 
 8
 As part of his entrapment defense, Kusic sought to introduce testimony from various witnesses to show his lack of predisposition to distribute drugs. Witnesses Ronald Patrick and Robert Worden worked with Kusic while he was employed at Patrick's bar. They testified about the busy work schedule Kusic had during this time, but they were not permitted to testify that they never knew him to sell drugs or to travel to Detroit, where Alvis alleged that Kusic obtained drugs. Jack King, Kusic's current employer, testified that Kusic was a good employee and that he believed Kusic to be a truthful person.
 
 
 9
 Evidence from other witnesses who would have testified that they did not know Kusic to be a drug dealer was excluded entirely as irrelevant and possibly prejudicial and confusing; the court cited Fed.R.Evid. 401 and Rule 403, as well as Rule 608(b). Kusic claims that exclusion of these witnesses made it impossible for him to show his lack of predisposition.
 
 
 10
 Because Alvis initiated each sale, the government had the burden of showing that Kusic was predisposed to sell the drugs in order to rebut his entrapment defense. The government is required to show that the decision to commit the crime is the defendant's own, not the result of government persuasion. United States v. Osborne, 935 F.2d 32, 37-38 (4th Cir.1991). It may meet this burden by showing that the defendant readily accepted the opportunity presented by the government. United States v. Jones, 976 F.2d 176, 180 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3772 (U.S.1993). Consequently, the evidence Kusic sought to introduce (that various acquaintances were unaware that he was involved with drugs) was irrelevant in that it did not prove what his state of mind was at the time Alvis made the requests to buy drugs. Therefore, the district court did not err in excluding this evidence.
 
 
 11
 After being instructed by the district court on entrapment, the jury convicted Kusic on all three counts. Kusic contends that he was entrapped as a matter of law because the government failed to prove that he was predisposed to sell drugs. Relying on Jacobson v. United States, 60 U.S.L.W. 4307 (U.S.1992), he asserts that Alvis made repeated requests for drugs before he acquiesced, that he did not respond readily to Alvis' requests, and that in any case a ready response is not enough to show predisposition.
 
 
 12
 The jury's verdict of guilty encompasses a finding that there was no entrapment. It may be overturned only if no reasonable factfinder could so find; the evidence is viewed in the light most favorable to the government. Jones, 976 F.2d at 181. Although Kusic testified that he acquiesced only after Alvis pestered him for five or six months, Alvis testified that Kusic did not express any reluctance to sell him drugs, and that he did not have to make repeated requests. To a large extent therefore, the jury's finding was a credibility determination which is not reviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). The jury's decision to believe Alvis rather than Kusic is supported by the taped conversation in which Kusic advised Alvis on packaging cocaine for sale and Kusic's own testimony that he knew of a source for cocaine. A reasonable jury could find that Kusic was predisposed to sell drugs when Alvis offered him an opportunity to do so.
 
 
 13
 Kusic maintains that the district court wrongly denied him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1992). The probation officer did not recommend a finding that Kusic had accepted responsibility under U.S.S.G. Sec. 3E1.1 because he had gone to trial asserting an entrapment defense and, in his interview with the probation officer, was still attempting to shift blame onto Alvis. At the sentencing hearing, Kusic did not testify. Because Kusic never disavowed his claim that he had been entrapped, even at the sentencing hearing, the district court did not clearly err in finding that he had not accepted responsibility for his conduct. U.S.S.G. Sec. 3E1.1, comment. (n.2).
 
 
 14
 The government concedes error in the assignment of one criminal history point for Kusic's 1981 West Virginia sentence for possession of a firearm in a vehicle, for which Kusic was fined $100. Defense counsel argued at sentencing, and the government agrees on appeal, that this offense is a fish and game violation under West Virginia law. W. Va.Code Sec. 20-2-5 (1966). The offense is a misdemeanor because it carries a maximum sentence of 100 days imprisonment. U.S.S.G. Sec. 4A1.2(o). Under guideline section 4A1.2(c)(1), misdemeanors which are fish and game violations are not counted unless (1) the sentence was at least a year of probation or thirty days imprisonment, or (2) the offense was similar to the current offense.
 
 
 15
 The deletion of one criminal history point would leave Kusic with a single criminal history point and place him in category I rather than category II. His guideline range would then be 15-21 months rather than 18-24 months. The district court selected a sentence in the middle of the guideline range because the amount of drugs attributable to Kusic was in the middle of the amount for his offense level (five to fifteen kilograms of marijuana equivalent). Although the old and new guideline ranges overlap, and a sentence of twenty-one months could be imposed within either range, the district court did not disclose whether it would impose the same sentence using either range. Resentencing is thus required. See United States v. Mikalajunas, 936 F.2d 153, 156-57 (4th Cir.1991); United States v. McCrary, 887 F.2d 485, 489 (4th Cir.1989).
 
 
 16
 We therefore affirm Kusic's conviction, but vacate his sentence and remand for the imposition of a sentence within the applicable sentencing range of 15-21 months. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.